BUDDY LANSDALE V. THE STATE.

No. 21871. Delivered January 21 ,1942.

The opinion states the case.

*Alex P. Pope,* of Tyler, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged by complaint with the possession of illicit liquor, that is, unstamped intoxicating liquor, and was by the jury sentenced to pay a fine of $100.00.

There are numerous bills of exception in the record, none of which we think reflect serious error save bill No. 3. In that bill, the appellant, while on the stand, offered certain testimony relative to what took place at the time of his arrest by the constable, which testimony it was claimed, if true, would have shown animus and ill-will upon the part of the officer arresting him, and who was also the principal witness in the case relative to the transaction complained about. We not only think appellant should have been allowed to testify relative to such matter himself, but should also have been allowed to question the officer as to whether such transactions occurred which would have had bearing on the question of animus or ill-will of this witness. Neither of these privileges was allowed appellant by the trial judge, and we think the same was error. Other matters complained of by appellant will doubtless not again occur. The trial court was correct in not allowing appellant to bring in defensive testimony under the guise and doctrine of surprise by hearsay from his own witness by means of an effort to impeach such witness by showing that previous to said trial the witness had informed appellant's attorney that such facts were true, the truth of which he denied while on the stand, and had refused to testify to such defensive matter.

For the error discussed the judgment is reversed and the cause remanded.