## JOEL DEAN PELHAM V. STATE

No. 28,695. February 6, 1957.

■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■■■

■■■■■■■■■■

*William H. Scott, Jr.,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the unlawful possession of marijuana.

Appellant was the driver of an automobile which police officers of the city of Houston saw run a red light. The officers pursued and stopped the automobile. There were three other occupants in the car. The automobile was the property of the mother of Mantooth, who was seated by the side of appellant. The other two occupants were on the back seat.

As the police officers pursued the automobile, someone on the back seat was seen to shake newspapers out the window of the car and then throw out the newspapers. What was flying from the newspapers was not identified other than as being "dust of some type." A search of the vicinity where the dustings were thrown from the car revealed nothing.

One of the officers testified that when he put his head in the car he smelled "burning marijuana" and that on the rear seat of the car there was found a small quantity of dustings and seed of marijuana.

All the parties in the automobile were arrested and taken to the police station. A search of their respective persons and an examination of the clothing of appellant's three companions revealed no marijuana.

One of the officers scraped some dustings from appellant's right front pants pocket with a knife. With the aid of a microscope, a chemist was able to find particles of marijuana among the scrapings. He was unable, however, to express any opinion as to the amount or weight of the marijuana particles found in the scrapings. He would not express the opinion that there was as much as a grain of marijuana therein.

It is a reasonable interpretation of the facts that the amount of marijuana found in the particles scraped from appellant's pocket was infinitesimal.

In submitting this case to the jury the trial court defined the term "possession" as being "the actual personal control, care and management of the marijuana alleged to have been possessed."

Under such definition, any marijuana that was found upon the rear seat of the automobile, being therefore not in appellant's personal care, was thereby eliminated from consideration.

Moreover, this case was not submitted upon nor was appellant's guilt in any manner made to depend upon the possession of marijuana by any of the other occupants of the automobile, under the law of principals.

It is apparent, therefore, that appellant's guilt must depend upon the marijuana that was found in the scrapings taken from the lining of his pocket.

Appellant challenges the sufficiency of the evidence to support the conviction, insisting that the minute particles of marijuana found in the scrapings did not constitute marijuana, within the meaning of the statute.

The legislature has not prescribed or limited, by statute, the amount of marijuana necessary to be possessed in order to constitute the unlawful act of possession of marijuana.

We know that the use commonly made of marijuana is to smoke it in cigarettes; it is not taken internally or by hypodermic, as are other narcotics. Such being true, we have concluded that the reasonable construction and interpretation to be applied here is that the legislature intended that to constitute the unlawful act of possessing marijuana there must be

possessed an amount sufficient to be applied to the use commonly made thereof. In other words, unless the amount of marijuana possessed is such as is capable of being applied to the use commonly made thereof, it does not constitute marijuana within the meaning of the statute.

Our recent holding in Greer v. State, 163 Texas Cr. Rep. 377, 292 S.W. 2d 122, wherein we held that a trace of a narcotic on a moist piece of cotton was insufficient to warrant conviction for possessing that narcotic, is in keeping with the conclusion above expressed.

Note is taken of the fact that it was only by the use of a microscope that the chemist was able to determine the presence of marijuana in the dustings which were scraped from the lining of appellant's pocket. It would be a harsh rule, indeed, that would charge appellant with knowingly possessing that which it required a microscope to identify.

We are constrained to conclude that the facts, here, do not show possession of marijuana within the meaning of Art. 725b, V.A.P.C.

Accordingly, the judgment is reversed and the cause is remanded.

WOODLEY, Judge, dissenting.

The court submitted the case to the jury as one of circumstantial evidence, defined the term possession as stated in the majority opinion, and instructed the jury to acquit unless they found beyond a reasonable doubt that appellant did knowingly have in his possession marijuana.

These instructions were evidently in accord with the view of appellant's counsel as they were given to meet his objection.

I do not agree with my brethren that appellant's guilt was made to depend alone upon marijuana found in the scrapings from his pocket. To the contrary, it is not likely that a charge on circumstantial evidence would have been requested or given if the evidence showed only that appellant had marijuana in his pocket. As to that marijuana, the evidence was direct, not circumstantial.

In addition to these scrapings from the pocket of the driver

of the automobile pursued by the officers, enough marijuana was found on the rear seat to make a cigarette, and the jury was warranted in believing that even this was but the remnant after other marijuana was thrown from the car and scattered to the four winds by appellant's companions on the rear seat after they "looked back" at the pursuing car with its spot light trained on them and its red light flashing.

The evidence fully sustains a finding that appellant was fleeing from the officers while his companions were disposing of the contraband and the papers in which it was wrapped, and that he was in possession of marijuana in addition to that found in his pocket.

Whether or not the parties on the back seat also possessed the marijuana is immaterial, for it was not necessary that appellant's possession be exclusive.

Whether the parties in the back seat were guilty as principals because they acted with, encouraged or aided appellant, is also not controlling here, the only question being whether or not the facts and circumstances are sufficient to support the jury's finding that appellant possessed marijuana as the state charged. I find it to be sufficient.