HARRY LYNN JOHNSON V. STATE

No. 29,115.  June 19, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 16, 1957.

*Harry H. Brochstein,* Houston, for the appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of marijuana; the punishment, 2 years.

Officer Brannon of the Houston police testified that, while in company with his fellow officer Hart, he observed an automobile

being driven in excess of the speed limit, that they gave chase and brought the automobile to a halt. The appellant, who was the only occupant, walked back to meet the officers and asked them, "What's the matter?" Brannon stated that when the appellant got near him he saw the appellant raise his left hand, make a quick turn, his hand came down, and a little bottle hit the ground. He stated that he recovered the bottle, the bottom of which had broken out and the contents spilled, put such contents, as he could find, back in the Bufferin bottle, and carried it to the chemist for analysis.

The bottle and its contents have been forwarded to this court as State's Exhibit No. 1.

The appellant, an automobile salesman, testified that on the night in question he had been to visit his fiancee, whom he had married at the time of the trial, and was on the way home at the time he was apprehended. He admitted that he was driving in excess of the speed limit but denied that he dropped any bottle and explained the movement of hands by saying that he began to cough and was endeavoring to cover his mouth. The jury resolved this conflict in the evidence against the appellant, and we move now to the real question in the case, which is whether or not the quantity of marijuana found is "an amount sufficient to be applied to the use commonly made thereof" as discussed in Pelham v. State, 164 Texas Crim. Rep. 226, 298 S.W. 2d 171, and Greer v. State, 163 Texas Cr. Rep. 377, 292 S.W. 2d 122.

The chemist who analyzed the contents of the bottle stated that he used approximately one-half of its contents in order to make his tests and there remained at the time of the trial "at least a half a grain" of marijuana or "something slightly less than required to make a cigarette."

In the Pelham case, the majority tested the sufficiency of the evidence by the proof of the contraband which was found in the personal possession of the accused. We shall apply the same test to the case at bar. We quote from our opinion in the Pelham case:

"One of the officers scraped some dustings from appellant's right front pants pocket with a knife. With the aid of a microscope, a chemist was able to find particles of marijuana among the scrapings. He was unable, however, to express any opinion

as to the amount or weight of the marijuana particles found in the scrapings * * * *

"Note is taken of the fact that it was only by the use of a microscope that the chemist was able to determine the presence of marijuana in the dustings which were scraped from the lining of appellant's pocket. It would be a harsh rule, indeed, that would charge appellant with knowingly possessing that which it required a microscope to identify."

In the case at bar, however, the marijuana was in a container and, so far as the record reveals, was free from any foreign substance. We have decided that the jury was authorized to conclude that the marijuana which may not have been recovered from the pavement by the officer, that used by the chemist to make his test, and that which remained in the bottle at the time of the trial was "an amount sufficient to be applied to the use commonly made thereof" and that the evidence is sufficient to support the conviction.

The judgment is affirmed.

WOODLEY, Judge, concurring.

I concur in the holding that the evidence is sufficient to sustain this conviction.

This court should avail itself of this opportunity to overrule rather than reaffirm the rule engrafted upon the narcotic statutes in Pelham v. State, 164 Texas Cr. Rep. 226, 298 S.W. 2d 171, requiring proof not only that the accused possessed a narcotic, which is a violation of the statute, but that he possessed "an amount sufficient to be applied to the use commonly made thereof."

If there is any lawful use which is made of marihuana I cannot conceive what it is. If the state must establish how this narcotic is unlawfully used and then prove the possession of a sufficient quantity *for that purpose,* then possession of a narcotic drug is not in itself unlawful, though the legislature has so provided.