Johnny Clarence SPRIGGINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 36058.

Court of Criminal Appeals of Texas.

Oct. 30, 1963.

Rehearing Denied Dec. 11, 1963.

Howze & Howze, by Murray J. Howze, Monahans, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the possession of Marihuana; the punishment twenty-five years. This is a companion case to Dickerson v. State, this day decided.

Officers from Lea County, New Mexico, received information that a quantity of a substance which resembled Marihuana was hidden in the base of a wind-

mill just over the state line in Gaines County, Texas. The sheriff of said last named county inspected the windmill, found three bags of Marihuana hidden therein, took one, left two and set up a "stake out". The packages were described by one witness as "medium size, like you get out of a grocery store". Two days later Deputy Sheriff Welch, who was stationed one-fourth of a mile from the windmill and watching the same through field glasses, observed a red Chevrolet come to a stop at the windmill and two men approach the base thereof. After a time the Chevrolet drove away, and he intercepted it a short distance away. As the Chevrolet approached him, two packages were thrown from the right window of the auto. When he brought the automobile to a halt, Dickerson was driving and appellant was seated on the right. The two sacks were recovered from where they had been thrown and were submitted to the chemist for the Department of Public Safety at Midland for examination. He gave his professional opinion that the three large bags contained Marihuana. The dustings removed from the Chevrolet by means of a vacuum cleaner contained only negligible quantities of Marihuana. However, the Marihuana which had been thrown from the automobile was recovered. The facts distinguish this case from both opinions in Pelham v. State, 164 Tex.Cr.R. 226, 298 S.W.2d 171, and the opinion in Greer v. State, 163 Tex.Cr.R. 377, 292 S.W.2d 122.

While the chemist did not give the exact weight of each bag as in the usual case, we find the evidence sufficient to support the conviction.

Appellant did not testify or offer any evidence in his own behalf.

The court charged on circumstantial evidence and we have concluded that the evidence excludes every other reasonable hypothesis other than appellant's guilt. Any error which may have occurred in the admission of a statement of Dickerson

made in appellant's absence was cured when the Court on his own motion instructed the jury not to consider the question or answer and appellant made no further complaint.

The judgment is affirmed.