**Patsy Ruth BUNTION, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44518.

Court of Criminal Appeals of Texas.

Jan. 18, 1972.

Rehearing Denied March 8, 1972.

Billy J. Griswold, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Andy Tobias, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of marihuana. Punishment was assessed by the jury at three years and three months.

The record reflects that on May 7, 1969, Officers Roeber and Hadley, of the Houston Police Department, stopped appellant when she backed her automobile from a private driveway into the intersection of Capri Street and South Loop service road in Houston; that appellant's car was searched by the officers and cigarette stubs containing marihuana were found.

Appellant contends that the arrest and subsequent search were illegal, and the fruits of the search should have been suppressed.

■ Officer Roeber testified that because of appellant backing her automobile into the intersection, it was necessary for him to swerve the car he was driving into the next lane to avoid colliding with her. Article 6701d, Sec. 74, Vernon's Ann.Tex. Civ.St.[1], provides:

"The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway."

Appellant relies on Willett v. State, Tex.Cr.App., 454 S.W.2d 398, in contending the arrest was illegal. In Willett, the arrest was made for making a right-hand turn into a private driveway without giving a signal under Article 6701d, Sec. 68, V.A.T.C.S.:

"No person shall * * * turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement."

In Willett, the accused was arrested and placed in a patrol car with officers. At a time subsequent to the arrest and while accused was still in the patrol car, marihuana was found at or about his person. In Willett, this Court said:

"There is no evidence that the operation by the appellant of his automobile at the time and place in question was a threat or hazard to traffic safety or that traffic safety was affected by the movements of his car as he turned right into the private driveway. The only motor vehicle at or near the scene other than appellant's was that driven by Officer Keltie, and there is no testimony to show that appellant's right turn into the driveway affected the movement of his automobile.

"There are no facts or circumstances shown which would warrant the detaining of the appellant and requiring him to get in the patrol car and accompany the officers to the service station. The illegal arrest of the appellant without a warrant and his detention thereafter ren-

1. Amended 1971, 62nd Leg., eff. Aug. 30, 1971, to read:
"The driver of a vehicle about to enter or cross a highway from an alley, build-

ing, private road or driveway shall yield the right-of-way to all vehicles approaching on the highway to be entered."

dered the testimony concerning the marihuana obtained at the service station inadmissible."

In the instant case, the officers' testimony concerning appellant's entry onto the street, and the near accident caused by such, constituted a violation under Article 6701d, Sec. 74, V.A.T.C.S. Appellant's reliance on Willett is, therefore, misplaced since there was no traffic violation shown in Willett.

Sec. 153 of Article 6701d, V.A.T.C.S., provides:

"Any peace officer is authorized to arrest without warrant any person found committing a violation of any provision of this Act."

The fact that the officers caused a ticket entitled "backing into an intersection" to be issued did not render the stopping of appellant illegal.

After appellant had been stopped, Officer Hadley approached appellant and checked her driver's license. Officer Roeber was standing at the rear of appellant's car, on the passenger side, where he observed drivers' licenses, identification cards, credit cards, and checks lying on the floorboard of the back seat.

Officer Roeber testified that he recognized one of the driver's licenses, because he saw the picture of a friend on one of them. This friend had previously told him about having had his driver's license stolen. Under Article 18.22, Vernon's Ann. C.C.P.,[2] the officers had the right to prevent the consequences of theft by seizing the property and arresting the appellant. The evidence further reflects that the articles recovered were in plain view of the officers, being where they had a right to be, and, therefore, they were not taken under circumstances which bring their seizure within the scope of the search and seizure laws. Miller v. State, Tex.Cr.App., 472 S.W.2d 269; Cook v. State, Tex.Cr. App., 470 S.W.2d 898. Along with drivers' licenses belonging to six or seven different persons, checks, credit cards, pills, and the cigarette stubs containing marihuana were found in appellant's car. We reject appellant's contention that the fruits of the search should have been suppressed.

■ Appellant contends that "the evidence is insufficient to support the verdict", and that "the verdict was contrary to law and evidence."

Witness Christian, a Chemist and Toxicologist with the Houston Police Department, testified that the cigarette stubs, recovered from appellant's car, contained about a tenth of a gram of marihuana. We deem this evidence sufficient to support the conviction. See Tuttle v. State, Tex.Cr.App., 410 S.W.2d 780; Rainey v. State, Tex.Cr.App., 464 S.W.2d 865; Johnson v. State, 165 Tex.Cr.R. 158, 305 S.W. 2d 361.

Appellant further contends that the evidence is not sufficient to support the conviction, since there was another person riding in the car with her, and there is no testimony showing that appellant was in actual possession of the marihuana. It is undisputed that appellant was driving the car. Appellant testified that she was the owner of the car. We deem the evidence sufficient to support the conviction. The unlawful possession of marihuana need not be exclusive to reflect a violation of the law. See Ellis v. State, Tex.Cr.App., 456 S.W.2d 398; Ochoa v. State, Tex.Cr.App., 444 S.W.2d 763; Haynes v. State, Tex.Cr. App., 475 S.W.2d 739. We find no merit in appellant's contentions that the evidence

2. "All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay."

is insufficient to support the verdict, and the verdict is contrary to the law and the evidence.

The judgment is affirmed.

Opinion approved by the court.