Andrew P. MITCHELL, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 45229.

Court of Criminal Appeals of Texas.

July 12, 1972.

voke probation would be "true" or "not true".

John D. Wennermark, San Antonio, for appellant.

Ted Butler, Dist. Atty., Arthur Estefan, John Quinlan and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

### ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

Our opinion on original submission is withdrawn and the following is substituted in lieu thereof.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: marihuana. Punishment was assessed by the court at seven years.

First, appellant contends that the marihuana was obtained as a result of an illegal search and seizure.

The record reveals that on August 23, 1970, the appellant committed a traffic violation while driving his automobile within the city limits of San Antonio. Officer Harrison stopped appellant to issue a citation for disregarding a red traffic light at the intersection of Hoefgen and East Commerce Streets.

While Officer Harrison was writing out a citation, Officer Spannagel drove up and parked his patrol car behind Officer Harrison's car and walked up to the appellant. Suddenly, appellant leveled a barrage of abusive language upon Officer Spannagel, whereupon the officer placed him under arrest. Contemporaneous with the arrest, a search was conducted which revealed a matchbox in appellant's pocket which contained the marihuana in question.

The record further reveals that immediately upon stopping the appellant's vehicle, a crowd gathered upon the sidewalk at that vicinity and it appeared to the officers that there was a considerable amount of hostility toward them. One of the persons that gathered around identified himself as being appellant's cousin.

Officer Spannagel testified that he stopped to assist Officer Harrison and that it was a common practice for a policeman to cover his fellow officers in the field in case some problem should arise.

· ■ The verbal assault on the officer by appellant, coupled with the milling of the crowd, was sufficient for the officer to feel fear for his own safety and have reasonable grounds to believe that he was in danger of bodily harm or injury and authorized him to search appellant for "weapons and other things to effect an escape from custody." e. g. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685

(1969); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925). See also Fry v. State, (No. 44,537, 2–23–72).

Next, the contention is asserted that there was an "insufficiency of amount of marihuana introduced in evidence for conviction."

The appellant argues that the transcription of the testimony shows that ".74 hundredths" gram of marihuana was introduced into evidence. He contends that such testimony shows that .0074 gram of marihuana was introduced and that such amount is insufficient.

■ From this state of the record, it is unclear whether the chemist was testifying concerning .74 gram or .0074 gram of marihuana. However, even accepting appellant's interpretation of the record, we hold that such amount is sufficient to support the conviction. Cf. Johnson v. State, 165 Tex.Cr.R. 158, 305 S.W.2d 361. Moreover, State's Exhibit No. 1 was introduced into evidence. The Exhibit is a matchbox which is over one-half full of marihuana.[1] (Both the arresting officer and the chemist identified this substance as marihuana.) Such amount is clearly sufficient to support the conviction. See Buntion v. State, Tex. Cr.App., 476 S.W.2d 317, and cases cited therein. See also, Williams v. State, Tex. Cr.App., 476 S.W.2d 300.

The next ground of error asserts that testimony should have been admitted "concerning bias of arresting officers."

■ Appellant testified, out of the presence of the jury, concerning bias and prejudice on the part of Sgt. Billy Cockrell[2] of the San Antonio Police Department. However, the record does not support his contention of bias or prejudice on the part of the arresting officers in this case and the trial court so found. Since Sgt. Cockrell was not a fact witness and did not testify on the merits of this case, no reversible error is shown.

Appellant's reliance on Campbell v. State, 167 Tex.Cr.R. 321, 320 S.W.2d 361, and Parsons v. State, 102 Tex.Cr.R. 524, 278 S.W. 444, is misplaced. In Campbell v. State, supra, a witness testified that she had been offered $10.00 to testify favorably to the defendant. The trial court therein instructed the jury that they could consider such testimony as it might show interest on the part of the person making the offer. This court held that such instruction to the jury was not error in that the evidence was admissible to show motive, bias, or interest of the witness.

In Parsons v. State, supra, evidence was admitted against the defendant, over his objection, as to his motive in making wine which he was charged with possessing, against his contention that such wine was only for his own use.

■ In both cases the witnesses' testimony had to do with the trial of the case on its merits; whereas, as heretofore stated, Sgt. Cockrell was not a fact witness. See Lansdale v. State, 143 Tex.Cr.R. 167, 158 S.W.2d 75; Gilson v. State, 140 Tex. Cr.R. 345, 145 S.W.2d 182; Barr v. State, 128 Tex.Cr.R. 652, 83 S.W.2d 998; Kissinger v. State, 126 Tex.Cr.R. 182, 70 S.W. 2d 740; Earle v. State, 64 Tex.Cr.R. 537, 142 S.W. 1181.

Appellant contends that Article 38.29, Vernon's Ann.C.C.P., was violated when the state questioned a witness regarding his residency. Defense Witness Haywood was asked: "Where do you live, Haywood?

"A. 105 Brown.

"Q. Where do you live right now?

---

1. This quantity would seem to indicate that there was, in fact, .74 gram instead of .0074 gram of marihuana introduced into evidence.

2. The record shows that Sgt. Cockrell was at the police station when appellant was brought in after his arrest in this case.

"A. I live in the Bexar County Jailhouse now.

"MR. BAIN: I object, your Honor.

"THE COURT: Sustained.

"MR. BAIN: We would move that the Court instruct the Jury to disregard the statement altogether.

"THE COURT: That will be granted."

A motion for mistrial was overruled. The court's ruling cured the error, if any. See, e. g., Hill v. State, Tex.Cr.App., 466 S.W. 2d 791; Smith v. State, Tex.Cr.App., 457 S.W.2d 58.

Also, appellant complains of "undue pressure on the jury".

The record reflects that after the jury had been deliberating for some time the trial court ascertained from them that they were "temporarily stuck"; after a bench conference with counsel for appellant and the state, they were instructed to return to the jury room for further deliberations. Subsequently, the court inquired of the jury if a verdict was possible that same evening by further deliberations, to which an affirmative answer was given. It is shown that the jury returned a verdict at 7:02 P. M. on that date, after approximately four hours and twenty-five minutes deliberation.

No undue coercion on the part of the trial court has been shown. The inquiries concerning further deliberations do not show that the jury was influenced, "by fear of continued confinement", into arriving at a verdict. See Dixon v. State, 159 Tex.Cr.R. 258, 262 S.W.2d 488.

Finally, appellant complains that the trial court erred in overruling his objections to questions propounded to him by the state concerning a loaded shotgun taken from his car. His argument on this point consists of a conclusory statement that error was committed. He does not elabo-rate on this claim and does not cite any authority. This contention is not properly before this court under Article 40.09, Sec. 9, V.A.C.C.P.

There being no reversible error, appellant's motion for rehearing is overruled and the judgment is affirmed.