Walter Marion BRYANT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 45947–45949.

Court of Criminal Appeals of Texas.

April 4, 1973.

Rehearing Denied May 1, 1973.

Malcolm Dade, Dallas, for appellant.

Henry Wade, Dist. Atty., Mike G. McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

These are appeals from three convictions for the sale of heroin. The jury assessed punishment in each case at thirty years.

■ The appellant contends that the evidence is insufficient because it was not shown that the amount of heroin found in the capsules he sold was of an amount which would have an effect on a human being.

Dr. Martin T. Mason's testimony shows that the capsules which were shown to have been sold by appellant contained from .4 to 1.5 milligrams of active heroin.

In Alaniz v. State, Tex.Cr.App., 458 S.W. 2d 813, it was contended that the fragments or traces of marihuana found in the pockets of Alaniz and his companion were not proved to be of sufficient quantity or strength to put to its common use of smoking. This Court, in overruling Alaniz' contention, held that it was not necessary for the State to prove that there was sufficient quantity of marihuana of such strength in the fragments found on their persons that could be smoked.

Appellant relies on Pelham v. State, 164 Tex.Cr.R. 226, 298 S.W.2d 171, and Greer v. State, 163 Tex.Cr.R. 377, 292 S.W. 2d 122, in support of his contention. This Court has held that the reasoning of Greer and Pelham is inapplicable to prosecutions for the sale of a narcotic drug. Reyes v. State, Tex.Cr.App., 480 S.W.2d 373.

The evidence is sufficient to support the conviction.

■ Next, appellant contends that the trial court erred when it failed to charge on the converse of the State's theory of the case and the defense of alibi.

The record reflects that no objection was made to the court's charge nor was a written request for a special charge submitted to the court as required by Article 36.14, Ver-

non's Ann.C.C.P. Appellant cannot now complain. Gray v. State, Tex.Cr.App., 475 S.W.2d 246.

No reversible error being shown, the judgment is affirmed.

MORRISON, J., dissents.