**Steve R. MONTES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46964.

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

Sam C. Bashara, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Roberts, Gus Wilcox and David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for possession of narcotic paraphernalia wherein the punishment was originally assessed at four (4) years by the court following a guilty verdict.

The sufficiency of the evidence is not challenged. Suffice it to say the record reflects that San Antonio Police officers executed a search warrant at appellant's home on March 23, 1972 and found in the east bathroom "a plastic package containing a cooker cap, an eyedropper with rubber bulb, and a number 25 hypodermic needle." Arresting Officer Doyal testified that since the time of the arrest he had determined that the appellant had needle marks on his arms, although he did not recall seeing needle marks at the time of the arrest, though a picture taken of the appellant by the officer shortly after arrest reflected needle marks on appellant's arms.

The chain of custody was established and the police chemist Dennis Torraco testified the tests he ran showed 4.73 milligrams of heroin in the "eyedropper with needle" and 4.76 milligrams of heroin in "the cooker and bottle cap."

The appellant offered no evidence.

Appellant's grounds of error read as follows:

## I.

"The trial court erred in overruling appellant's motion to examine and have chemical analysis of the paraphernalia introduced herein.

## II.

"The trial court erred in not allocating funds for the independent examination of the paraphernalia introduced herein."

Appellant relies heavily on Detmering v. State, 481 S.W.2d 863 (Tex.Cr.App.1972), which held that the right of accused under the discovery statute (Article 39.14, Vernon's Ann.C.C.P.) included the right to perform a chemical analysis on varieties of drugs which the State intended to introduce into evidence in prosecution for possession of "LSD," said items being in possession of the District Attorney.

Appellant calls attention to his "Motion for Discovery" filed August 25, 1972, which requested the items (eyedropper, needle, cooker, cotton) be produced and that he be permitted "to conduct chemical analysis on the same for traces of heroin."

On the same date the court conducted a hearing on such motion, at which hearing the court was informed that a "State's witness" was unavailable, and the court then announced the chemist would be subpoenaed on the day of the trial and defense counsel would be given an opportunity to examine "it" before trial. This was agreeable with appellant's counsel, who stated, "Fine," but then he called the court's attention to the fact he was court-appointed and orally requested the appointment of an independent chemist to "find out if there really was a trace of heroin."

The court determined that the police chemist's report had already been made available to appellant and pointed out to counsel that a searching cross-examination could be made of the chemist. The motion for discovery was overruled.

The State takes the position that the court did not err in overruling the motion for discovery because it was untimely filed. The State notes that notice of a pre-trial setting of August 25, 1972 was mailed to appellant's counsel on June 6, 1972, and that he had five days thereafter under the provisions of Article 28.01, Vernon's Ann.C.C.P., to file any pre-trial motions, including one for discovery, and that he did not file the motion in question until August 25, 1972, and that appellant made no showing of good cause for the delay. The appellant contends that this objection was not raised at the pre-trial hearing and the court heard the motion and ruled thereon. The State responds the court's ruling was correct since the motion was filed untimely and must be sustained even if the reason given by the court was in error.

Without the necessity of passing upon these matters we observe that the police chemist testified that shortly after receiving the narcotic paraphernalia he ran several tests using alcohol to rinse out the items not only to determine the nature of the residue, but the amount thereof. Such tests were run long before the motion for discovery was made or the oral request to appoint an independent chemist. If such a chemist had been appointed and found heroin on such paraphernalia, that testimony would most likely not have been utilized by the appellant. If the chemist found no residue, then that fact could be explained by the actions of the police chemist. Thus, if the court had appointed an independent chemist and paid for such services out of county funds, such examination would have been of no benefit to the appellant since the police chemist's testimony clearly reveals that after the analysis was completed there was no trace of heroin remaining on the narcotic paraphernalia. See Dagley v. State, 394 S.W.2d 179, 183 (Tex.Cr.App. 1965).

This clearly distinguishes this case from Detmering v. State, supra, relied upon by the appellant, where enough of drugs remained for an independent chemist to make his own analysis.

Thus, it is clear that the judgment should be affirmed. Another matter must be discussed, however. The appellate record was received by this court on April 4, 1973, and the jurisdiction of this court attached. See Article 44.11, Vernon's Ann.C.C.P. Thereafter on September 6, 1973, after the effective date of the Texas Controlled Substances Act (August 27, 1973), the trial court resentenced the appellant reducing the penalty from the four (4) years confinement in the Department of Corrections assessed under Article 725b, Vernon's Ann.P.C., to one (1) year confinement in the county jail, the latter being a permissible penalty under the Texas Controlled Substances Act. Such action was undoubtedly taken under the provisions of Section 6.01(c) of the Texas Controlled Substances Act. Putting aside any question of the trial court's jurisdiction to act in the matter while this court maintained jurisdiction of the case, we observe that said Section 6.01(c) was declared to be unconstitutional in part insofar as it applied to cases pending on appeal in Ex parte Giles, Tex.Cr.App. 502 S.W.2d 774 (delivered December 5, 1973). Therefore, the court's action in resentencing the appellant is null and void. The original sentence is unaffected by such action.

The judgment is affirmed.

DOUGLAS, Judge (concurring).

To that part of the majority opinion that holds that the trial court did not have authority to resentence the appellant after the appellate record had reached this Court, I concur. The trial court had lost jurisdiction and no motion to abate the appeal for resentencing appears in the record.

However, I do not agree that Article 6.-01(c) of the Texas Controlled Substances Act, which provides for resentencing, is unconstitutional for the reasons stated in the dissenting opinion in Ex parte Giles, Tex.Cr.App., 502 S.W.2d 774 (1973).