Steve **DULLNIG**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46954.

Court of Criminal Appeals of Texas.

Jan. 23, 1974.

Rehearing Denied Feb. 13, 1974.

Bill Bender, Seguin, for appellant.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

**496**

OPINION

ROBERTS, Judge.

This appeal is taken from a conviction for the offense of possession of a dangerous drug, to-wit, phencyclidine. Punishment was assessed at five years' confinement.

■ Before we can reach the merits of this appeal, we are faced with a jurisdictional problem. The record reflects that the appellant gave notice of appeal after the judgment was rendered but some fourteen days before sentence was pronounced. Such notice of appeal was ineffective. Herbort v. State, 422 S.W.2d 456 (Tex.Cr.App.1967); Smith v. State, 424 S.W.2d 228 (Tex.Cr.App.1968); Ex Parte Vestal, 468 S.W.2d 372 (Tex.Cr.App.1971). Further, the record does not show that notice of appeal was again given after sentence was pronounced.

■ However, one issue must be taken care of at this point. The record reflects that while this appeal was pending the appellant applied for re-sentencing under Sec. 6.01(c) of the Controlled Substances Act; the trial court granted the motion and the appellant was assessed a five-year probated sentence. In light of Giles v. State, 502 S.W.2d 774 (Tex.Cr.App. delivered December 5, 1973) we must conclude that such action was null and void and the original sentence remains unaffected. Montes v. State, 503 S.W.2d 241 (Tex.Cr. App. delivered Jan. 9, 1974).

The appeal is dismissed.

DOUGLAS, Judge (concurring in part and dissenting in part).

I concur that the appeal should be dismissed.

However, to the dictum in that part of the majority opinion which notes that the

trial court had no authority to resentence under Section 6.01(c), I disagree for the reasons stated in the dissent in Ex parte Giles, 502 S.W.2d 774 (Tex.Cr.App.1973). I am still of the opinion that the Legislature had authority to provide for resentencing while the case was in the trial court.[1]

---

1. If notice of appeal was given after sentence was pronounced but was omitted from the record, the trial court will have authority to set aside the conviction and grant a new trial once the dismissal of the appeal becomes final.