**Earnest KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–92–00002–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 5, 1992.

Rehearing Denied Dec. 3, 1992.

Danise M. Crawford, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Earnest King, appeals his judgment of conviction for the offense of possession of a controlled substance, namely, cocaine, weighing less than 28 grams by aggregate weight, including any adulterants and dilutants. TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) and § 481.115(a), (b) (Vernon 1992). The jury rejected appellant's not guilty plea and the court after finding the two enhancement paragraphs of the indictment to be true, assessed his punishment at thirty five (35) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We reverse the trial court's judgment and remand it to enter a judgment of acquittal.

Appellant brings two points of error in his appeal. In his first point of error, he asserts that there was insufficient evidence that he knowingly possessed a controlled substance. We agree.

The relevant facts are as follows: On July 29, 1992, Officer Thrailkill and his two partners, Officer McFadin and Maycak were dispatched to an apartment complex on Tuam Street to check out a narcotics complaint. This complaint was received from a citizen who called the City of Houston Police dispatcher. When he arrived, Thrailkill saw appellant staggering down a sidewalk. Thrailkill approached and could smell a strong odor of an alcoholic beverage on appellant's person. Appellant was incoherent, had glazed eyes and slurred speech and was walking rather disoriented. Fearing appellant's condition to be a danger to himself, Thrailkill placed appellant under arrest for public intoxication. Thrailkill searched appellant and found a crack pipe in appellant's right front pants pocket. Officer Thrailkill field tested residue from the pipe and it tested positive for cocaine.

Officer Thrailkill testified that this crack pipe he received from appellant was a glass tube with a piece of a copper brillo pad inside, which is used as a filter. Thrailkill stated when he received the crack pipe it had damp residue inside. Scott Wagner, the Houston Police Department chemist, testified that he ran a series of four tests on the residue from the glass tube and copper brillo pad. These tests consisted of (1) an ultraviolet spectrophotometer test; (2) a thin layer chromatography test; (3) a microcrystalline test; and (4) a gas chromatograph mass spectrometer test. The tests showed traces of cocaine present in the residue but the amount was so minute that its weight could not be measured. The chemist testified that in testing the residue in the pipe, he rinsed the pipe with the pad included inside. In the process of rinsing the pipe, the brillo pad was also rinsed. After running the tests the amount was too small to be measured.

The following exchange took place during cross-examination of the chemist:

Q. What do you mean by you could not determine the weight?

A. In cases that we encounter sometimes there is such a small amount or the sample contains adulterants that prevents us from using that test to determine the weight.

Q. And you're telling the jury that you understand the ultraviolet spectrophotometry test, there is no possible numbering grams, milligrams, micrograms that you could tell us that was contained in that pipe?

A. No, it was not possible to determine the weight.

Appellant contends the evidence was insufficient to show he knowingly possessed cocaine because the amount recovered was too small to be weighed and measured. The test is whether any rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt, viewing the evidence in a light most favorable to the verdict. *Alexander v. State,* 740 S.W.2d 749, 757 (Tex.Crim.App. 1987). The State must prove the accused (1) exercised care, custody, and control over the substance; and (2) knew it was contraband. *Herrera v. State,* 561 S.W.2d 175, 179 (Tex.Crim.App.1978). Thus, knowledge of possession is an essential element of the crime. As stated in *Reyes v. State,* 480 S.W.2d 373 (Tex.Crim.App.1972):

> In a trial for the illegal possession of a narcotic drug, the basic element which the state must prove is that the accused intended to violate the law by knowingly possessing such drug.

*Id.* at 374.

 In the instant case the police chemist analyzed the residue and testified that he found a trace of cocaine so small that it could not be quantitatively measured. When the quantity is too small to be measured, there must be evidence other than mere possession to prove that the defendant knew the substance in his possession was a controlled substance. *Shults v. State,* 575 S.W.2d 29, 30 (Tex.Crim.App. 1979); *Coleman v. State,* 545 S.W.2d 831 (Tex.Crim.App.1977); *Pelham v. State,* 164 Tex.Crim. 226, 298 S.W.2d 171 (Tex.Crim. App.1957).

In *Coleman v. State,* appellant was charged with possession of cocaine. The facts were that the police stopped his vehicle and arrested him based upon a misdemeanor arrest warrant for gambling. When the officer shined a flashlight into the vehicle, he noticed a small vial on the floor. Inside the vial was a very small amount of cocaine. The chemist testified in *Coleman* that it is possible to weigh cocaine that weighs as little as $\frac{1}{280,000}$ of an ounce. In that case, the chemist had testified that it was thought that the cocaine was no "more than $\frac{5}{28,000}$ of an ounce and maybe as little as $\frac{1}{28,000}$ of an ounce." Appreciating the extremely small quantity that was involved, the Court of Criminal Appeals referred to the decision of *Pelham v. State,* and wrote that "it would be a

harsh rule, indeed, that would charge appellant with knowing possessing that which it required a microscope to identify." *Id.* at 835.

We hold that the State proved only that appellant possessed the cocaine but did not prove that appellant knowingly did so. Since the State failed to prove an essential element of its case, the evidence is insufficient to sustain the conviction. We sustain appellant's first point of error. We need not consider appellant's second point of error.

Accordingly, we reverse the trial courts judgment of conviction and order the trial court to enter a judgment of acquittal. *Burk v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).