Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

Nos. 04-09-00029-CR & 04-09-00030-CR

Alfred **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No.1, Bexar County, Texas
Trial Court Nos. 243020 & 243023
Honorable Al Alonso, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:    November 11, 2009

AFFIRMED

Alfred Martinez was convicted of committing theft and possessing marijuana. On appeal, he

argues that the evidence was legally and factually insufficient to support his convictions. We affirm.

**BACKGROUND**

On February 4, 2008, Martinez was working as a cashier in a parking lot during the San Antonio Rodeo. As a cashier, Martinez was issued an apron as part of his uniform. Martinez's job was to collect $8 from vehicles entering the parking lot's gate, place the money in his apron, and then place a parking ticket stub between the vehicle's windshield and dashboard, which was proof that the vehicle had paid to park in the lot. As part of their training, all cashiers were told that all parking tickets and money collected from vehicles must be kept in their apron. And, cashiers were told to put whatever personal money they had in their back pockets and not their front pockets.

Deputy Sheriff Derek Uresti was working security at the rodeo and was assigned to watch the parking lot cashiers. According to Deputy Uresti, he began to notice that Martinez followed proper procedures most of the time. However, some of the time, Martinez took money from vehicles entering the lot, but instead of placing the money in his apron, placed the money in the front pocket of his jeans. Deputy Uresti noticed that with respect to these vehicles, Martinez did not place parking stubs on the vehicles' dashboards. So, Deputy Uresti approached some of the vehicles that he had noticed had not received parking stubs, and confirmed that the vehicles did not have parking stubs displayed on their dashboards. Deputy Uresti then called his supervisor, Charles Romans.

Deputy Sheriff Robert Guerrero was also working security and watching Martinez. Like Deputy Uresti, he noticed that when Martinez took money from vehicles, he did not always place parking stubs on the vehicles' dashboards. And, Deputy Guerrero also saw that when Martinez did not give a parking stub to entering cars, he placed the money collected in his right front pocket, not his apron. So, Deputy Guerrero followed several of the cars that had not received parking stubs to

their parking spaces. Deputy Guerrero then confirmed that these cars did not have parking stubs displayed on their dashboards. Like Deputy Uresti, he then called his supervisor, Romans.

Romans, a criminal investigator with the District Attorney's Office, was the supervisor of security at the rodeo. After being informed of a possible theft in progress, Romans went to the parking lot and began watching Martinez. Like Deputies Uresti and Guerrero, Romans watched as Martinez, from time to time, took money from a driver without giving the driver a parking stub, folded the money underneath the tickets he had not sold, and then placed the folded money in his right front pocket. After watching Martinez for about an hour to an hour and a half, Romans made the decision to approach Martinez. Romans asked Martinez if he had anything in his pockets. According to Romans, Martinez replied, "Yes, I have some marijuana in my pocket." Romans then saw Deputy Guerrero perform a pat-down search. However, instead of pulling marijuana from Martinez's right front pocket, Guerrero pulled out cash. Romans then pulled from Martinez's left front pocket a clear bag of what appeared to be a usable amount of marijuana leaves. Romans asked Martinez if the cash pulled from his pocket belonged to him. According to Romans, Martinez said that the money did not belong to him. Romans then asked, "Well, why are you taking this money?" According to Romans, Martinez replied, "Well, it's been done before, and I'm just doing it because I want to do it. I need the extra money." Martinez was then taken to a police trailer at the rodeo.

At the police trailer, Will Gloor, the Director of Public Safety and Transportation for the rodeo, determined that the money found in Martinez's front pocket amounted to $240. According to Gloor, the money "was crumpled up and kind of pushed in the pockets." An audit was performed by reconciling the amount of tickets Martinez sold versus the money he had in his apron and front pocket. The audit resulted in an overage of $240, the amount Martinez had in his front pocket.

Martinez testified in his own defense at trial. According to Martinez, he did not steal $240; the money was his personal money and was not in his front pocket. It was in his back pocket next to his wallet, which contained an additional $140. Martinez testified that he had $240 outside of his wallet because it was too much cash to fit inside his wallet. Martinez also testified that he never admitted to the officers that he had stolen the money or that he had marijuana in his pocket. According to Martinez, the substance found in his wallet was "sativa," which he claimed is "almost like tobacco, but it's green." "[I]t gives you a kind of high, but it's legal here in Texas."

Martinez was charged with theft in the amount of $50-$500, a Class B misdemeanor, and possession of marijuana in an amount less than two ounces, also a Class B misdemeanor. Martinez waived his right to a jury, and the case was tried to the bench. Martinez was then found guilty of both theft and possession of marijuana, and in both cases was sentenced to 180 days in jail probated for six months.

SUFFICIENCY - THEFT

On appeal, Martinez argues that the evidence is legally and factually insufficient to support his conviction for theft in the amount of $50-$500, a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 31.03(e)(2) (Vernon Supp. 2009). In a legal sufficiency review, we view the evidence in the light most favorable to the verdict and then determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Prible v. State*, 175 S.W.3d 724, 729-30 (Tex. Crim. App. 2005). In a factual sufficiency review, we view all the evidence in a neutral light and will set the verdict aside only if the evidence is so weak that the verdict is clearly wrong and manifestly unjust, or the contrary evidence is so strong that the standard of proof beyond a reasonable doubt could not have been met. *Id.* at 730-31.

A person commits theft "if he unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2009). According to Martinez, the evidence is insufficient to show that he unlawfully appropriated money from his employer or that he intended to deprive his employer of money because his job duties required him to collect money and hold that money for his employer until the end of his shift. Martinez also argues that "there is absolutely no way to tell which money was [Martinez]'s own money and which money was collected from parking vehicles and, therefore, owned by [his] employer." Martinez further argues that there is no evidence of how much money Martinez stole from his employer.

We find that the evidence is both legally and factually sufficient evidence that Martinez unlawfully appropriated $240 with intent to deprive his employer. Gloor testified that pursuant to the policies and procedures of Martinez's employment, cashiers were not to have any personal money in their front pockets and at no time were to put any money collected from people parking in their front pockets. Deputy Uresti, Deputy Guerrero, and Investigator Romans all testified that they saw Martinez take money from some vehicles and place that money in his front pocket while failing to give the patrons parking stubs. Deputy Uresti and Deputy Guerrero confirmed that some of those vehicles did not have parking stubs displayed on their front dashboards. Furthermore, an audit showed that Martinez had an overage of $240, the exact amount contained in his front pocket. And, the money in his front pocket was crumpled up, like it had been shoved in his pocket. Investigator Romans testified that he saw Martinez, after collecting money from vehicles but not giving parking stubs in exchange, fold the money collected and place it in his front pocket. Finally, Investigator Romans also testified that Martinez said he took the $240 in cash because he needed the extra money. We hold the evidence is legally sufficient.

With regard to factual sufficiency, we note that Martinez emphasizes that Gloor testified that thirty to forty-five minutes before Martinez was arrested, Gloor had performed a "drop audit" on Martinez's apron and had not found a discrepancy between the number of tickets sold and the amount of cash contained in Martinez's apron. However, that an audit was performed on Martinez's *apron* before his arrest does not contradict the testimony of Uresti, Guerrero, or Romans. All three testified that they saw Martinez put money collected from vehicles into the front pocket of his jeans while failing to give the vehicles parking stubs in return. Thus, there would not be a discrepancy between the tickets sold and the amount of cash Martinez held *in his apron*.

We also note that Martinez argues Deputy Uresti, Deputy Guerrero, and Investigator Romans were not credible. However, whether Uresti, Guerrero, and Romans were testifying truthfully, or whether Martinez was testifying truthfully, was a credibility question for the trier of fact. When contradictory testimonial evidence turns on an evaluation of credibility and demeanor of the witnesses, we must defer to the trier of fact. *See Johnson v. State*, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000). We therefore hold that the evidence is also factually sufficient.

### POSSESSION OF MARIJUANA

Martinez argues that the evidence is both legally and factually insufficient that he possessed a usable quantity of marijuana in an amount of two ounces or less. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon Supp. 2009). Martinez complains that (1) the State did not offer any physical evidence of the marijuana, but instead offered only witness testimony; (2) the marijuana was not weighed or field tested; and (3) the State did not prove that the substance was not sativa.

Investigator Romans testified that he asked Martinez whether he had anything in his pocket. Martinez replied, "I've got a little marijuana in my pocket." According to Romans, he then pulled

out of Martinez's pocket a clear bag with "what appeared to be marijuana leaves" in it. The "green leafy substance" had the "smell of marijuana," and Romans believed it to be marijuana based on his experience and training. He did not test the substance because Martinez told him the substance was marijuana and because Romans confirmed it was marijuana based on his experience and training.

Martinez also complains that the evidence is insufficient to show that he possessed a usable quantity of marijuana. "Usable quantity" has been defined as "an amount sufficient to be applied to the use commonly made thereof." *Pelham v. State*, 164 Tex. Crim. 226, 298 S.W.2d 171, 173 (Tex. Crim. App. 1957); *see also Moore v. State*, 562 S.W.2d 226, 228 (Tex. Crim. App. 1977). Common uses of marijuana include smoking in cigarette form or in a pipe. *See Pelham*, 298 S.W.2d at 173; *see also Lejeune v. State*, 538 S.W.2d 775, 780 (Tex. Crim. App. 1976). An officer's testimony that a substance is a usable quantity of marijuana is sufficient to support a conviction. *Nalls v. State*, No. 05-08-01254-CR, 2009 WL 1981854, at *4 (Tex. App.—Dallas July 10, 2009, no pet. h.). Both Investigator Romans and Deputy Guerrero testified that the amount of marijuana found in Martinez's pocket was enough to be placed and smoked in a cigarette roll or pipe. We therefore hold that the evidence is legally sufficient to show that Martinez possessed a usable amount of marijuana. *See Nalls*, 2009 WL 1981854, at *5 (holding that arresting officer's testimony based on his experience that amount constituted usable quantity was sufficient to sustain conviction).

With respect to factual sufficiency, we note that it was the trier of fact's responsibility to assess the witnesses' credibility. The trier of fact was free to accept or reject the testimony of any witness. *Flanagan v. State*, 675 S.W.2d 734, 746 (Tex. Crim. App. [Panel Op.] 1984) (opinion on reh'g). Deputy Guerrero and Investigator Romans both testified that the substance was marijuana. Martinez testified that the substance was sativa. Deputy Guerrero and Investigator Romans testified

that Martinez possessed a usable quantity. Martinez testified that he did not have enough sativa in his pocket to smoke. Whether Deputy Guerrero and Investigator Romans were testifying truthfully, or whether Martinez was testifying truthfully, was a credibility question for the trier of fact. *See Johnson*, 23 S.W.3d at 8. We therefore hold that the evidence is also factually sufficient.

## DIRECTED VERDICT

Martinez argues that the trial court erred in overruling his motion for directed verdict on the possession charge. A complaint about overruling a motion for directed verdict is in actuality an attack upon the sufficiency of evidence to sustain the conviction. *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). We have already held that the evidence is both legally and factually sufficient that Martinez possessed a usable quantity of marijuana.[1]

## CONCLUSION

We affirm the judgments of the trial court.


Karen Angelini, Justice

DO NOT PUBLISH

---

[1] We also note that in briefing this issue, Martinez attempts to distinguish *Osbourn v. State*, 92 S.W.3d 531, 538-39 (Tex. Crim. App. 2002), which held that an arresting officer's identification of marijuana under the facts of the case was admissible as a lay opinion under Texas Rule of Evidence 701. *Osbourn*, however, does not apply to this appeal. Martinez has only brought sufficiency issues. Martinez has not brought an issue under Rule 701 or pointed to any place in the record where he preserved such an issue for appeal by making a Rule 701 objection to the officers testifying about the substance being marijuana.