Gabriel **CHAVEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–88–00477–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 3, 1989.

Discretionary Review Refused
June 7, 1989.

Randy Schaffer, Houston, for appellant.

Kathlyn Giannaula, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant was convicted by a jury for possession of less than 28 grams of cocaine. Punishment was assessed at five years. We affirm.

On November 28, 1987, Officer Thomas Nicol stopped four people in an automobile with expired license plates. The officer asked to see the driver's license and proof of insurance. He informed the officer that he had neither a driver's license nor any insurance. The officer asked the driver to step out of the car. At this time, the officer saw a pistol on the floor board of the car. He confiscated the gun and the driver was placed under arrest. While escorting the driver to his patrol car, Officer Nicol noticed that the appellant, who was in the back seat, also had a gun. The officer then radioed for help. When the back up units arrived, the remaining occupants of the vehicle were also arrested. After taking the appellant from the vehicle, the officers observed a pistol in his waistband. A thorough search of him revealed a small plastic baggie in appellant's back pocket which contained a white powder. Tests were conducted on the contents of the baggie, and it was found to be cocaine.

In his first point of error, appellant alleges that the evidence was insufficient to show that he knowingly possessed the cocaine because it was only .5 milligrams. Appellant primarily relies on three cases; *Greer v. State*, 163 Tex.Crim. 377, 292 S.W.2d 122 (1956); *Pelham v. State*, 164 Tex.Crim. 226, 298 S.W.2d 171 (1957); *Coleman v. State*, 545 S.W.2d 831 (Tex. Crim.App.1977). In *Greer*, the court held

that the Uniform Narcotics Act, did not authorize a conviction for possession of a small, wet piece of cotton with a trace of heroin. The controlling statute is now Vernon's Ann.Tex.Civ.St. article 4476–15, § 4.04 which is popularly called the Controlled Substances Act. *Greer* does not apply to the present statute. Also the court essentially limited *Greer* to its own facts. In *Robinson v. State*, 163 Tex.Crim. 499, 293 S.W.2d 781 (1956), the police found a matchbook cover to which a capsule containing a "whitish powder" was attached. The court held that when the officer merely testified that the capsule contained a "whitish powder" and failed to show the quantity of the powder, these facts were sufficient to uphold the conviction.

The other two cases on which appellant relies are also distinguishable. In *Pelham,* supra, the quantity was so minute that the substance had to be observed under a microscope to determine its content. In *Coleman,* supra, the police found a vial containing one twenty-eight thousandth (1/28000) of an ounce of cocaine in the defendant's car. The amount was unweighable. Neither of those circumstances exist in this case.

Here the baggie containing the cocaine was discovered in the appellant's pant pocket. It contained a white powder visible to the eye. The substance was weighed by use of an ultraviolet spectrophotometer. As in *Tomlin v. State*, 170 Tex.Crim. 108, 338 S.W.2d 735 (1960), the police recovered a total of seventeen hundred micrograms (or 1.7 milligrams) from three different specimens. As here, all of the substance was destroyed in the analysis of its contents. The court held as follows:

> We overrule the contention that the amount of heroin was insufficient under *Pelham v. State* 164 Tex.Crim. 226, 298 S.W.2d 171 (1957) and *Greer v. State* 163 Tex.Crim. 377, 292 S.W.2d 122 (1956)

The Court of Criminal Appeals also found that 3.2 milligrams was a sufficient quantity in *Kent v. State*, 562 S.W.2d 855 (Tex. Crim.App.1978). In *Johnson v. State*, 658 S.W.2d 623 (Tex.Crim.App.1983), the police recovered three milligrams of narcotics.

Addressing the same contention, the court held as follows:

> This was more than a trace and showed that the drug was quantitatively measurable. *Kent v. State,* 562 S.W.2d 855 (Tex.Crim.App.1978). Further, the methamphetamine could be seen without the aid of a microscope. The evidence is enough to support the appellant's conviction. *Johnson,* 658 S.W.2d at 627.

The cocaine was observed by the officer without the need of a microscope and was quantitatively measured. The baggie was found on the appellant. Therefore, although a small amount, it is sufficient to uphold the conviction.

This case is also similar to *Alejandro v. State,* 725 S.W.2d 510 (Tex.App.—Houston [1st Dist.] 1987, no pet.), where .3 milligrams of cocaine was held sufficient to uphold the conviction. The court stated as follows:

> In *Coleman,* the chemist could not quantitatively measure the controlled substance. In the instant case, the chemist established the aggregate weight with certainty. Furthermore, the three syringes found on appellant tend to probe that he "knowingly" possessed the cocaine. *Alejandro,* 725 S.W.2d at 515

The cocaine was found in three separate syringes which were in the defendant's sock. Here the police officer testified that cocaine is commonly found in bags such as the one found on appellant. Thus, the baggie tends to prove the appellant knowingly possessed the cocaine. The firearms found on appellant and the other occupants of the vehicle provided additional evidence to support the conviction. Appellant's first point of error is overruled.

Appellant's second point of error claims the trial court erred in denying him his right to be present at a pre-trial hearing on the motion to suppress or, in the alternative, that the trial court erred in denying his motion to suppress. The appellant and his attorney were present at all pre-trial settings. Rule 50(d) of the Texas Rules of Appellate Procedure placed the burden of proof upon the appellant to bring forward a sufficient record to show reversible error

on appeal. There is nothing on the docket sheet which indicates that a motion to suppress hearing was ever held or ruled upon prior to the start of trial. The docket sheet reflects that a hearing on a motion to suppress was scheduled for March 22, 1988. Two forms signed by the appellant and his attorney, one resetting the hearing to April 7, 1988, and the other setting the case for trial on May 25, 1988, are in the record and dated March 22, 1988, and April 7, 1988, respectively. There is nothing which indicates whether the motion to suppress was presented to or ruled upon by the trial court. The appellant and his attorney were present on both dates the hearings on the motion to suppress were set. On May 25, 1988, after the jury had been selected and the appellant arraigned, outside the presence of the jury, but before opening statements, there was the following dialogue:

> MR. BOBBITT: Judge Hughes, before the jury comes out in this case, before we start this trial, Mr. Chavez has filed a motion to suppress. Its been on file for some time and we would like, before there is any testimony as to him being stopped and detained by the police officers in this case—
>
> THE COURT: I've already ruled on that motion to suppress by affidavit.
>
> MR. BOBBITT: May I finish my motion, just my request?
>
> THE COURT: (nods head affirmatively.)
>
> MR. BOBBITT: We would like to put him on the stand and prove up that he was stopped without probable cause.
>
> THE COURT: That will be overruled. You were given a motion to suppress hearing. The court ordered you to have affidavits in here. You did not bring in the affidavits. I overrule your motion to suppress.
>
> MR. BOBBITT: We would like an oral hearing on our motion to suppress.
>
> THE COURT: That's denied. That's been ruled on Mr. Bobbitt.
>
> MR. BOBBITT: We would like a second request in the alternative that before any police officers testimony in this case as to the detention of Mr. Chavez or to the fact that he had any cocaine on him, that

we have a hearing out of the presence of the jury—

THE COURT: That will be denied.

MR. BOBBITT: On a legality of that detention and seizure of that cocaine.

THE COURT: That will be denied. You may make your motion if you think anything is objectionable and I'll rule on it at the time but we already had a motion to suppress hearing and I'm not going to have another one.

 It appears from this conversation that the motion to suppress was overruled on April 7, 1988. Regardless, the judge denied appellant's motion to suppress at either the March 22, 1988, or the April 7, 1988, hearing at which appellant and his attorney were present or the motion to suppress was overruled without the necessity of a hearing. The motion to suppress requested no hearing and was properly denied. The only basis for granting the motion presented in the motion to suppress, was as follows:

> The above described search was unreasonable and illegal in violation of the fourth amendment of the United States Constitution and article one section nine of the Texas Constitution, because it was conducted without a search warrant.

Once the police officers observed the firearms, circumstances existed for appellant's arrest and the subsequent search. The record shows no hearing which was conducted in appellant's absence. Where the appellant fails to bring forward a record sufficient to show error, no error is shown. *Cantu v. State*, 738 S.W.2d 249 (Tex.Crim.App.1987). Appellant's second point of error is overruled.

Appellant's last point of error claims the trial court erred in refusing to permit him to make a bill of exceptions. This is based upon the trial court's refusal to allow him to testify before the trial began on the motion to suppress. The trial court informed the appellant that he could reurge his motion at the time the evidence was offered. The appellant did not object at that time. Therefore, appellant has failed to preserve error. *Cisneros v. State*, 692 S.W.2d 78 (Tex.Crim.App.1985). The

failure of a trial court to hear a bill of exception at the time it is offered is not reversible error when the opportunity to perfect a bill is thereafter given. *Davidson v. State*, 162 Tex.Crim. 640, 288 S.W.2d 93 (1956). Appellant's third point of error is overruled.

Judgment is affirmed.