Robert CAMPBELL Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. A14–90–00928–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 16, 1992.

Rehearing Denied March 5, 1992.

James R. Reed, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

OPINION

CANNON, Justice.

Appellant entered plea of not guilty before the court to the offense of possession

of a controlled substance, namely cocaine. TEX.HEALTH & SAFETY CODE ANN. § 481.-115(b). He was convicted and the court assessed punishment at imprisonment for eight years. We reverse and render.

On June 22, 1990, Houston police officer, R.P. Tewelet, received a dispatch about a family disturbance at 3802 Lila # 2, in Harris County. Upon his arrival at that location, Officer Tewelet found appellant sitting outside the residence drinking alcohol. The officer talked briefly with appellant's common law wife, who complained of being assaulted. After observing appellant, Officer Tewelet decided to arrest him for public intoxication. During a pat-down search of appellant, Officer Tewelet discovered a matchbox in appellant's front left pants pocket. The matchbox was later tested by an HPD chemist and found to contain 0.6 milligrams of cocaine. The indictment alleges that appellant "intentionally and knowingly possessed a controlled substance, namely, cocaine weighing less than 28 grams by aggregate weight including any adulterants and dilutants."

In his sole point of error, appellant contends that there is insufficient evidence to show that he knowingly possessed cocaine because there was no visible cocaine in the matchbox he possessed when arrested.

■ The standard for reviewing the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Where an accused is charged with unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control and management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim. App.1988). There is no "bright line" amount of a controlled substance that establishes knowing possession. If the amount of a controlled substance seized from a defendant can be seen and mea-

sured, it is sufficient to establish that the defendant knew it was a controlled substance. *Johnson v. State*, 658 S.W.2d 623, 627 (Tex.Crim.App.1983); *Thomas v. State*, 807 S.W.2d 786, 789 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd).

■ The only evidence before the court was appellant's stipulations of evidence and the lab analysis. There is no testimony by the arresting officer or the chemist that the cocaine residue contained in the matchbox was visible to the naked eye. *See Jarrett v. State*, 818 S.W.2d 847 (Tex. App.—Houston [1st Dist.], 1991). Appellant's stipulation of evidence designated as State's Exhibit No. 2 states that the chemist "*examined* the evidence in this case and identified it as cocaine weighing 0.6 milligrams." (Emphasis added). The State contends that the residue must have been visible for the chemist to be able to examine it. However, there is nothing in the record to show that the chemist examined the residue without a microscope. *See Pelham v. State*, 164 Tex.Crim. 226, 298 S.W.2d 171, 173 (1957). That the record is silent as to whether a microscope was used does not, contrary to the State's assertion, mean that the residue was visible. The State has the burden to present evidence that affirmatively links the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and that he or she exercised control of it. *Rodriguez v. State*, 635 S.W.2d 552, 553 (Tex.Crim.App. [Panel Op.] 1982). Here, the State has failed to carry its burden.

We are aware of our holding in *Chavez v. State*, 768 S.W.2d 366 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd), where we found that 0.5 milligrams of cocaine was sufficient to establish knowing possession. There, however, the cocaine was observed by the arresting officer without the need of a microscope and was quantitatively measured. 768 S.W.2d at 368. Also, the defendant was in possession of a firearm at the time of his arrest and the cocaine was discovered in a plastic baggie which the officer testified is the type of bags com-

monly used to carry cocaine. *Id.* None of those circumstances are present here. Viewing the evidence in the light most favorable to the prosecution, we hold that rational trier of fact could not have found that appellant knowingly possessed cocaine. We sustain appellant's sole point of error. Accordingly, we reverse appellant's conviction and direct the court below to enter a judgment of acquittal.

MURPHY, Justice, dissenting.

I must respectfully dissent from the reversal of appellant's conviction. In my opinion, there was sufficient evidence to support the jury's determination that the appellant knowingly possessed a controlled substance.

Appellant's sole point of error alleges that there was insufficient evidence to support the jury's conclusion that the matchbox contained a sufficient amount of cocaine to be measurable as well as detectable by the naked eye and therefore knowingly possessed. *See, e.g., Johnson v. State,* 658 S.W.2d 623, 627 (Tex.Crim.App. 1983). The majority obscures the facts of this case by omission. While they state that the appellant was searched by a police officer who found the matchbox which was later tested for cocaine residue, the majority neglects to recognize that the arresting officer must have seen some residue in the matchbox in order to have enough suspicion to order lab analysis.

Essential to the majority's ultimate conclusion is the fact that there was no explicit statement by the arresting officer or the examining chemist that they were able to see the residue with their naked eyes. In addition, the majority places emphasis on the failure of the examining chemist to testify whether or not the cocaine was seen under a microscope or by the naked eye. The majority deems this uncertainty to mean that the cocaine was observable only under a microscope; however, this omission could just as easily be interpreted to support the conclusion that the cocaine was seen by the naked eye.

Further, the majority chooses to abandon our earlier holding in *Chavez v. State.* 768 S.W.2d 366 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). In that case, the arresting officer found a plastic baggie with a white powder film inside. *Id.* Under analysis, a mere 0.5 milligrams of cocaine was able to be measured which we deemed sufficient to establish knowing possession. *Id.* at 367. Contrary to the majority's contention, the cocaine in that case was not able to be measured without the help of a microscope. *Id.* It was immeasurable without the aid of a more elaborate analysis under a spectrophotometer. *Id.*

Much like the *Chavez* case, the arresting officer in this instance was suspicious about what he saw in the matchbox and had it tested for cocaine residue. The test yielded 0.6 milligrams of cocaine, a larger amount than was found in *Chavez.* As noted by the majority, "[t]he standard for reviewing the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." In light of the facts, a rational trier of fact could clearly have found that the arresting officer who took the matchbox to the HPD chemist for analysis must have seen something to raise his suspicion that cocaine residue was present.

For the reasons stated above, I would affirm the conviction of the appellant because there is sufficient evidence to support the jury's finding that the cocaine residue was able to be seen, measured, and therefore raise the inference of knowing possession.