Melvin Wayne KEMP, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–92–00976–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 19, 1993.

Rehearing Denied Oct. 7, 1993.

Loren A. Detamore, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

The appellant pled not guilty to the offense of possession of cocaine. The trial court found him guilty and assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.-42(d) (Vernon Supp.1993), at confinement for twenty-five years. The appellant raises three points of error.

The relevant facts are as follows. An undercover officer from the Houston Police Department purchased narcotics at an apartment in Houston. After the purchase, he obtained a warrant to search the apartment. He returned to the apartment a few days later with other police officers. He approached the apartment alone and knocked on the door. The same woman that had sold him cocaine a few days earlier answered the door. He told her that he wanted to purchase more cocaine. The woman closed the door. She reopened the door a few minutes later and invited the officer inside. The woman then went into another room in the apartment and spoke with a man. She came back into the room where the officer was waiting and gave him two rocks that later tested positive for cocaine.

The officer then left, and told the other officers that he had purchased cocaine in the apartment. He also told them that there were two people in the apartment, a man and a woman. When the officers entered the apartment, the appellant was standing in the doorway between the bedroom and living room. The appellant ran into the bedroom. The officers followed him. A woman was lying in the bed. The officer ordered the appellant to lie down on the floor. The appellant lay down on the bed. One of the officers handcuffed the appellant and rolled him onto his back. There was a rock of crack cocaine weighing 215 milligrams under his body. The officers also found a plastic baggie containing .5 milligrams of cocaine in a briefcase in the bedroom. The briefcase contained identification belonging to the appellant.

In his first point of error, the appellant challenges the sufficiency of the evi-

dence. To establish unlawful possession the state had to prove: 1) the appellant exercised care, custody, control or management over the substance; and 2) that the appellant knew the substance was cocaine. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App. 1988). The appellant divides his argument into three sub-parts. He first argues the trial court erred by admitting evidence of his prior convictions during the guilt-innocence stage of trial. Assuming the evidence was improperly admitted, it still must be considered when weighing the sufficiency of the evidence. *Gribble v. State*, 808 S.W.2d 65, 68 (Tex.Crim.App.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2856, 115 L.Ed.2d 1023 (1991). Nonetheless, we will consider whether the evidence was properly admitted.

■ While cross-examining the appellant, the prosecutor asked the appellant about two prior convictions for possession of a controlled substance. The appellant's attorney objected on the grounds that the prior convictions were "immaterial" under Tex. R.Crim.Evid. 401, and to the extent they were "material", the probative value was substantially outweighed by the danger of unfair prejudice under Tex.R.Crim.Evid. 403. He also objected on the basis of *Montgomery v. State,*[1] without further elaboration. The trial court overruled the objections. On appeal, the appellant argues that evidence of previous convictions was inadmissible under *Theus v. State*, 845 S.W.2d 874 (Tex.Crim. App.1992). That opinion deals with admissibility of previous convictions for impeachment purposes under Tex.R.Crim.Evid. 609. A point of error that does not comport with the trial objection presents nothing for review. *Turner v. State*, 805 S.W.2d 423, 431 (Tex.Crim.App.1991); *Coffey v. State*, 796 S.W.2d 175, 179 (Tex.Crim.App.1990). Moreover, the prior convictions were admissible as substantive evidence that the appellant knowingly possessed cocaine. *See Payton v. State*, 830 S.W.2d 722, 729–730 (Tex.App.— Houston [14th Dist.] 1992, no pet.). The appellant had testified that he was unaware that there was cocaine in the bedroom.

■ In his second argument under the first point of error, the appellant contends the evidence was insufficient to prove that he intentionally and knowingly possessed the cocaine found in the plastic baggie. He argues that the evidence failed to prove that the substance could be seen and measured. *See Johnson v. State*, 658 S.W.2d 623, 627 (Tex. Crim.App.1983) (finding the evidence sufficient to support conviction where, among other things, the methamphetamine could be seen and measured); *Campbell v. State*, 822 S.W.2d 776, 777 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). The evidence refutes this argument. One of the arresting officers testified that he saw "specks" in the baggie, and that the baggie contained a small amount of cocaine. The state's expert witness testified that the baggie contained a white residue that weighed approximately .5 milligrams. She also stated that she conducted four separate tests, and that the substance tested positive for cocaine.

■ The appellant next contends the evidence was insufficient to prove that he possessed the cocaine found on the bed. He argues that the evidence only showed that the police officers found a rock of cocaine near the appellant, and that his proximity to the cocaine does not establish possession. We agree that proximity alone may not be sufficient to prove possession. However, there was other evidence in this case proving possession. The evidence showed that a drug transaction had just occurred in the apartment. A man and a woman were present during the drug transaction. When the raid team entered the apartment, the appellant ran into the bedroom. In addition, the officers found cocaine in the appellant's briefcase. This supports an inference that the appellant knowingly possessed the cocaine found on the bed. *See Hart v. State*, 634 S.W.2d 714, 716 (Tex.Crim.App. [Panel Op.] 1982) (marijuana cigarettes found in defendant's sock supported conviction for possession of marijuana found throughout the trailer).

The appellant also argues that the cocaine may have rolled towards him when he lay on

---

1. This case addressed the issue of admissibility of extraneous offenses under Tex.R.Crim.Evid. 404(b). *Montgomery v. State*, 810 S.W.2d 372 (Tex.Crim.App.1990).

the bed, or when the woman sat up in the bed. While either of these scenarios is possible, the state is not required to disprove every reasonable hypothesis. *See Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991). A rational trier of fact could have found the appellant guilty beyond a reasonable doubt. We overrule the first point of error.

In his second point of error, the appellant lodges another attack on the sufficiency of the evidence. He argues that the cocaine residue found in the baggie did not constitute a useable quantity, and was therefore insufficient to support a conviction. He recognizes that the court of criminal appeals has never required proof of a useable quantity in order to uphold a conviction for possession of cocaine, yet he urges this court to impose such a requirement. We refuse to do so, and overrule the second point of error.

In his third point, the appellant contends the trial court erred by finding the enhancement paragraphs in the indictment to be true, because the penitentiary packets (pen packets) were improperly admitted into evidence. He raises five separate arguments under this point of error.

The appellant first complains that the pen packets were not from a public office. He apparently argues that the records were not authenticated under TEX.R.CRIM.EVID. 902(4). The appellant did not raise a specific objection on this ground at trial. He waived any error. TEX.R.APP.P. 52; *Ethington v. State,* 819 S.W.2d 854, 858 (Tex.Crim.App.1991).

Next, the appellant complains that one of the pen packets indicated that the conviction had been appealed. However, his brief contains no references to the record, and cites no authority to support this argument. He presents nothing for review. *Pierce v. State,* 777 S.W.2d 399, 418 (Tex.Crim.App.1988). Moreover, the record shows that the appeal was dismissed, and that the conviction became final in 1990.

In his third sub-point, the appellant complains that the county judge who certified the authority of the custodian of records of the Texas Department Criminal Justice "lacked jurisdiction in a criminal matter." The court of criminal appeals has impliedly found that county judges have authority to certify pen packets. *See Reed v. State,* 811 S.W.2d 582, 586 (Tex.Crim.App.1991) (on rehearing). In addition, TEX.CIV.PRAC. & REM. CODE ANN. § 121.001(a)(2) (Vernon 1986) gives county court judges the authority to take acknowledgement or proof of written instruments. This argument is without merit.

The appellant also complains that the signature of the county judge is a facsimile produced by a rubber stamp. The use of a rubber stamp to produce a facsimile of a signature does not affect the authenticity of the signature. *See Paulus v. State,* 633 S.W.2d 827, 850 (Tex.Crim.App.1982); *Benavides v. State,* 763 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1988, pet. ref'd).

Finally, the appellant argues that the pen packets do not contain a proper seal. The appellant apparently complains that the pen packets contain the seal of the Texas Department of Corrections (TDC), rather than the Texas Department of Criminal Justice (TDCJ). The TDCJ was formerly known as the TDC. See Act of Sept. 1, 1989, ch. 785, § 1.19. 1989 Tex.Sess. Law Serv. 3475 (Vernon).

We have considered all of the contentions raised under this point of error, and find that none of them have merit. Accordingly, we overrule the third point of error, and affirm the conviction.