IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,896-02






EX PARTE CARROLL GLENN SCOTT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. FR40752 IN THE 27
TH DISTRICT COURT


FROM BELL COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of attempted
capital murder and burglary of a habitation, and punishment was assessed at confinement for
twenty-five years and ten years, respectively. These convictions were affirmed. (1) 

 Applicant contends, inter alia, that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not notify him that the convictions
had been affirmed or what he needed to do to file such a petition. An affidavit (2) filed by
appellate counsel states that neither he nor his law firm have the written file pertaining to
Applicant's case, but that it was his firm's usual practice to advise the client of the appellate
decision and of his right to file a petition for discretionary review. The trial court
recommended that Applicant be granted an opportunity to file an out-of-time petition for
discretionary review.

 The trial judge stated:

Here, the Court cannot say with certainty that [the attorney's] action or
inaction caused the Applicant to be denied his right to file a PDR, but the
practical effect has been the same; the Applicant has been denied this right. 
Moreover, the Court finds that the record has yielded no evidence that the
Applicant caused this denial. Therefore, the Court concludes that the
Applicant should be granted an out-of-time PDR.

 We disagree with the trial court's recommendation. It is the Applicant's burden to
prove, by a preponderance of the evidence, that his attorney was constitutionally deficient
before he might be entitled to relief on a writ of habeas corpus. (3) The record does not support
the trial court's conclusion that Applicant has proven, by a preponderance of the evidence,
that his appellate attorney provided constitutionally ineffective assistance of counsel on
appeal which prevented Applicant from filing a petition for discretionary review.

 Habeas corpus relief is denied.


DELIVERED: April 12, 2006

PUBLISH
1. Scott v. State, 861 S.W.2d 440 (Tex. App.-Austin 1993, no pet.).
2. Counsel states in his affidavit: "I know that one of Mr. Scott's allegations is that I
'abandoned' the appeal by failing to file a Petition for Discretionary Review (PDR). First of all,
let there be no misunderstanding, my firm . . . did represent Mr. Scott on appeal, and did file a
brief in his case. We raised all the issues that we raised at trial, and then some, e.g., the improper
admission of evidence, the lack of evidence, double jeopardy violations, objections to the jury
charge, refusing requested defense instructions to the charge, etc. Unfortunately, his convictions
were still affirmed by the Third Court of Appeals. See Scott v. State, 861 S.W.2d 44 (Tex.App.-Austin, 1993, no. pet.). Second, I have no independent recollection of the circumstances
involving the filing of a Petition for Discretionary Review on Mr. Scott's behalf. If the opinion
on direct appeal affirmed the defendant's conviction, my firm's usual practice was to advise the
client that he or she had the right to file a PDR with the Court of Criminal Appeals within a
certain time. I had spoken with . . . the attorneys who worked with me on this case, and neither
has documentation of that being done in this case. Therefore, all I can say is that it was our usual
practice to advise the client of the appellate decision, and of his right to file a PDR and we have
no reason to believe that was not done in this case."
3. Ex parte Chandler, 182 S.W.3d 350 (Tex. Crim. App. 2005) ("To obtain habeas corpus
relief for ineffective assistance of counsel under Strickland v. Washington, an Applicant must
show that his counsel's performance was deficient and that there is a 'reasonable probability' -
one sufficient to undermine confidence in the result - that the outcome would have been different
but for his counsel's deficient performance") (footnote omitted); see, e.g., Ex parte Richardson,
70 S.W.3d 865, 870 (Tex. Crim. App. 2002) (Applicant "must prove the constitutional violation
and his entitlement to habeas relief by a preponderance of the evidence").