**Reversed and Rendered and Opinion filed October 29, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00700-CR

## GEORGE NEAL WILLIAMS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1425992**

## O P I N I O N

Appellant appeals his conviction for possession of less than one gram of cocaine. In a single issue appellant argues the evidence is insufficient to support his conviction for knowing possession of cocaine. Finding the evidence insufficient to show that appellant knew the substance was cocaine, we reverse and render judgment of acquittal.

BACKGROUND

At approximately 3:30 on the morning of the incident forming the basis of appellant's arrest, Houston Police Department Officer Zachary Mercer was dispatched to Midtown Spa to investigate a suspicious event. When Mercer exited his patrol vehicle he heard a loud banging noise from behind the business. Mercer jumped over a fence to investigate the noise. Mercer's partner, Officer Aaron King, saw appellant behind the business establishment. King called Mercer over, and they both observed appellant sitting on the ground next to an air conditioner unit. Mercer testified that appellant was not wearing a shirt and was "sweating profusely."

King conducted a pat-down search of appellant for officer safety. In appellant's front pants pocket King discovered a pocketknife and a crack pipe. Mercer conducted a field test on the pipe swabbing the inside of the pipe for any residue. The swab turned blue, which is a positive reaction for cocaine. As part of standard procedure, the field test was discarded after the pipe was seized. On cross-examination Mercer testified he did not know whether appellant knew there were any controlled substances in the pipe.

Officer King also testified to the events that surrounded appellant's arrest. King testified that when they saw appellant sitting by the air conditioner he "was sweating, and he was just kind of sitting there looking up at me." King described the weather as cool that morning. King asked appellant what he was doing in that location, and appellant replied that he was homeless and looking for a place to sleep. King detained appellant for possible trespassing, handcuffed him, and conducted a pat-down search for weapons. King discovered a pocketknife and the crack pipe in appellant's front pants pocket. King also testified that he did not know whether appellant knew anything was inside the pipe.

A chemist with the Houston Forensic Science Center testified that she

2

conducted two different tests on the crack pipe. Both tests revealed that the pipe contained less than one gram of cocaine. The chemist testified that the weight of the substance was a "trace amount." She defined trace amount as "a residue amount, something that's adhering to its container and you're unable to weigh it." When asked whether the cocaine was visible, the chemist testified that she scraped or swabbed the inside of the pipe and was able to conclude it was cocaine "without being able to physically see it." The pipe is not clear so the residue was not visible to the naked eye.

At the conclusion of the State's evidence appellant moved for an instructed verdict of not guilty on the grounds that the evidence was insufficient to show appellant knowingly possessed cocaine. The trial court denied appellant's motion.

### SUFFICIENCY OF THE EVIDENCE

In a single issue appellant argues the evidence is insufficient to show appellant knowingly possessed cocaine. Because the quantity of the substance was so small it could not be seen, weighed, or measured, there is no evidence that appellant knowingly possessed a controlled substance.

When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Although we consider all evidence presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

3

To support a conviction for possession of a controlled substance, the State must prove: (1) that appellant exercised actual care, control and management over the contraband; and (2) that appellant had knowledge that the substance in his possession was contraband. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995); Tex. Health & Safety Code Ann. § 481.115 (West 2010). The issue is whether the evidence will support a reasonable inference that the defendant knowingly possessed the contraband. *Jackson v. State*, 807 S.W.2d 387, 389 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd).

In this case, appellant challenges the sufficiency of the evidence to prove that he had knowledge that the substance in his possession was contraband. In *Shults v. State*, 575 S.W.2d 29, 30 (Tex. Crim. App. 1979), the Texas Court of Criminal Appeals held that "when the quantity of a substance possessed is so small that it cannot be measured, there must be evidence other than mere possession to prove that the defendant knew the substance in his possession was a controlled substance." *Id.* Therefore, the State must prove, through other evidence, that appellant had knowledge that the substance in his possession was cocaine. *King*, 895 S.W.2d at 703. In *King*, the residue containing the cocaine was visible on the crack pipe, but the amount of cocaine was unmeasurable and unweighable. *King*, 895 S.W.2d at 704. The evidence also showed the appellant in *King* appeared to be intoxicated and the stem of the pipe was still moist with what appeared to be saliva, which showed that the pipe-smoking was probably in the very recent past. *Id*. The Court of Criminal Appeals held the evidence legally sufficient to sustain the conviction. *Id*.

The State cites several cases in which the Court of Criminal Appeals and this court found sufficient evidence of knowing possession when the quantity of cocaine was unmeasurable. In each of those cases, however, there was other evidence to show that the defendant knew that he possessed a controlled substance. *See Joseph v. State*,

897 S.W.2d 374, 376 (Tex. Crim. App. 1995) (defendant found in house "commonly used as a haven for drug users" holding a syringe containing cocaine in a manner that indicated he was "about to insert, or had just removed, a hypodermic needle from his arm."); *King v. State*, 895 S.W.2d at 703–04 (cocaine was visible, pipe was damp with saliva, and defendant displayed evidence of intoxication); *Caballero v. State*, 881 S.W.2d 745, 748 (Tex. App.—Houston [14th Dist.] 1994, no pet.) (cocaine was visible and measurable); *Chavez v. State*, 768 S.W.2d 366, 367–68 (Tex. App.— Houston [14th Dist.] 1989, pet. ref'd) (baggie containing 1.7 milligrams of cocaine, which was visible and measurable, found in appellant's pants pocket).

In this case, it is undisputed that the cocaine could not be seen, weighed, or measured. The only evidence of appellant's potential "intoxication" was that he was sweating on a cool night. Both officers testified that they did not know whether appellant knew the substance he possessed was cocaine. There was no indication that appellant had recently used the pipe or knew of its purpose as a crack pipe. The State proved only that appellant possessed a crack pipe, but did not prove that appellant knowingly possessed cocaine. Because the State failed to prove an essential element of the offense, the evidence is insufficient to support appellant's conviction. *See Shults*, 575 S.W.2d at 30.

We reverse the trial court's judgment and render a judgment of acquittal.


/s/    Tracy Christopher
Justice


Panel consists of Chief Justice Frost and Justices Christopher and Donovan.
Publish — Tex. R. App. P. 47.2(b).