**FILED IN**
**COURT OF CRIMINAL APPEALS**

DECEMBER 31, 2015

ABEL ACOSTA, CLERK

PD-1551-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/30/2015 4:06:12 PM
Accepted 12/31/2015 1:49:15 PM
ABEL ACOSTA
CLERK

## No. PD-1551-15

In the
# Court of Criminal Appeals of Texas
At Austin

————◆————

### No. 14-14-00700-CR
In the Court of Appeals for the
Fourteenth District of Texas
At Houston

————◆————

## GEORGE NEAL WILLIAMS
*Appellant*
V.
## THE STATE OF TEXAS
*Appellee*

————◆————

## STATE'S PETITION FOR DISCRETIONARY REVIEW

————◆————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ALAN CURRY**
State Bar Number 05263700
Assistant District Attorney
Harris County, Texas

**LISA MCMINN**
State Prosecuting Attorney

1201 Franklin, Suite 600
Houston, Texas  77002
Tel.:  713/755-5826
FAX No.:  713/755-5809
curry_alan@dao.hctx.net

*Counsel for Appellee*

# IDENTIFICATION OF THE PARTIES

A complete list of the names of all interested parties is provided below so that the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

1201 Franklin,  Suite 600
Houston, Texas  77002

**Lisa McMinn** — State Prosecuting Attorney on appeal

P.O. Box 12405
Austin, Texas  78711

**Alan Curry** — Assistant District Attorney on appeal

1201 Franklin,  Suite 600
Houston, Texas  77002

**Akilah Bacy** — Assistant District Attorney at trial

1201 Franklin,  Suite 600
Houston, Texas  77002

**Lauren Bard** — Assistant District Attorney at trial

1201 Franklin,  Suite 600
Houston, Texas  77002

Appellant or criminal defendant:

**George Neal Williams**

Counsel for Appellant:

**Randall J. Ayers —** Counsel on appeal

P.O. Box 1569
Houston, Texas 77251-1569

**Gemayel Haynes** — Counsel at trial

723 Main Street, # 1020
Houston, Texas 77002

**Jennifer Gaut** — Counsel at trial

3730 Kirby Drive, Suite 1120
Houston, Texas 77098

Trial Judge:

**Hon. Brian Rains** — Presiding Judge

# TABLE OF CONTENTS

IDENTIFICATION OF THE PARTIES .......................................................................................i

LIST OF AUTHORITIES ............................................................................................... iv

STATEMENT OF THE CASE ......................................................................................... 2

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE...................... 2

STATE'S GROUND FOR REVIEW ............................................................................. 3

> **The court of appeals erred in holding that a defendant cannot be convicted of the offense of possession of a controlled substance if the substance cannot be seen, weighed, or measured, even though the substance was recovered from a crack pipe in the defendant's possession, and other circumstances revealed the defendant's guilty knowledge (R.R. IV-14-18, 20-21, 23-24, 30-31, 50-51, 55-65).**

PRAYER FOR RELIEF......................................................................................................... 7

CERTIFICATE OF COMPLIANCE ............................................................................... 8

CERTIFICATE OF SERVICE .......................................................................................... 9

# LIST OF AUTHORITIES

**CASES**

*Garner v. State,*
    848 S.W.2d 799 (Tex. App.—
    Corpus Christi 1993, no pet.).....................................................................5

*Hyett v. State,*
    58 S.W.3d 826 (Tex. App.—
    Houston [14th Dist.] 2001, pet. ref'd) ........................................................4

*Jarrett v. State,*
    818 S.W.2d 847 (Tex. App.—
    Houston [1st Dist.] 1991, no pet.)...............................................................5

*Johnson v. State,*
    843 S.W.2d 238 (Tex. App.—
    Houston [14th Dist.] 1992, pet. ref'd) ........................................................4

*Joseph v. State,*
    897 S.W.2d 374 (Tex. Crim. App. 1995) ....................................................4

*King v. State,*
    895 S.W.2d 701 (Tex. Crim. App. 1995) ....................................................4

*Victor v. State,*
    995 S.W.2d 216 (Tex. App.—
    Houston [14th Dist.] 1999, pet. ref'd) ........................................................4

*Williams v. State,*
    No. 14-14-00700-CR, 2015 WL 6560521
    (Tex. App.—Houston [14th Dist.], Oct. 29, 2015, pet. filed).....................3

**RULES**

TEX. R. APP. P. 66.3(a) ..............................................................................................3

TEX. R. APP. P. 66.3(c) ..............................................................................................3

## STATEMENT REGARDING ORAL ARGUMENT

In the event the State's petition for discretionary review is granted by this Honorable Court, the State requests oral argument herein for the following reasons:

The decision by the court of appeals has significantly altered the law concerning what constitutes sufficient evidence to support a defendant's conviction in a illegal narcotics case, in which the amount of the substance possessed is very small. If this decision is to stand, discussion with this Court will be necessary to outline the nature of the change that this decision has caused.

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

## STATEMENT OF THE CASE

The appellant was charged with the felony offense of possession of a controlled substance and, in two enhancement paragraphs, was alleged to have previously committed two other offenses of possession of a controlled substance (C.R. 10). The appellant entered a plea of not guilty to the offense (R.R. IV-8) and pleas of true and not true to each of the allegations in the enhancement paragraphs (R.R. VI-6). After the jury found the appellant guilty as charged in the indictment (C.R. 64; R.R. V-20), the trial court made findings of true as to the allegations in the two enhancement paragraphs and assessed the appellant's punishment at confinement for one year in the state jail (C.R. 74; R.R. VI-19). A written notice of appeal was timely filed (C.R. 78).

———————◆———————

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

In a published opinion, delivered October 29, 2015, the Fourteenth Court of Appeals reversed the judgment of the trial court and ordered the entry of an acquittal. The State now timely files its petition for discretionary review in accordance with TEX. R. APP. P. 68.2(a).

———————◆———————

## STATE'S GROUND FOR REVIEW

**The court of appeals erred in holding that a defendant cannot be convicted of the offense of possession of a controlled substance if the substance cannot be seen, weighed, or measured, even though the substance was recovered from a crack pipe in the defendant's possession, and other circumstances revealed the defendant's guilty knowledge (R.R. IV-14-18, 20-21, 23-24, 30-31, 50-51, 55-65).**

## REASONS FOR REVIEW

This holding should be reviewed pursuant to TEX. R. APP. P. 66.3(c) because the court of appeals has decided an important question of state law in conflict with this Court's decisions in *Joseph v. State,* 897 S.W.2d 374 (Tex. Crim. App. 1995), and *King v. State,* 895 S.W.2d 701 (Tex. Crim. App. 1995). This holding should also be reviewed pursuant to TEX. R. APP. P. 66.3(a) because the decision of the court of appeals conflicts with the decision of the First Court of Appeals in *Jarrett v. State,* 818 S.W.2d 847 (Tex. App.—Houston [1st Dist.] 1991, no pet.), and the Corpus Christi Court of Appeals in *Garner v. State,* 848, S.W.2d 799 (Tex. App.—Corpus Christi 1993, no pet.).

In this case, the court of appeals held, "Because the quantity of the substance was so small it could not be seen, weighed, or measured, there is no evidence that appellant knowingly possessed a controlled substance." *Williams v. State,* No. 14-14-00700-CR, 2015 WL 6560521 at *2 (Tex. App.—Houston [14th Dist.], Oct. 29, 2015, pet. filed) (slip opinion at 3). This holding has caused significant confusion among the bench and bar and is clearly consistent with long-standing authority from this

3

Court, which has in turn been consistently followed by the intermediate courts of appeals.

In *Joseph v. State,* this Court held that a court of appeals "erred in requiring a controlled substance to be visible to the naked eye in order to support appellant's conviction. Visibility is not an element of the offense of possession of a controlled substance." *Joseph v. State,* 897 S.W.2d 374, 376 (Tex. Crim. App. 1995) (citing *King v. State,* 895 S.W.2d 701 (Tex. Crim. App. 1995)). In *King v. State,* this Court a defendant could be convicted of possession of a controlled substance, even if the substance itself—cocaine—was not measurable, not weighable, and not visible. *King v. State,* 895 S.W.2d 701, 704 (Tex. Crim. App. 1995). This has been the law now for at least two decades.[1] In this case, the court of appeals has issued a decision that has clearly deviated from these now long-standing holdings.

The officers in this case testified that they observed the appellant at a closed business during the very early morning hours, and the appellant was behind a secured fence, sitting on the ground, had no shirt on, and was sweating profusely (R.R. IV-20-21, 57-58). Since the officers had been dispatched to the location because of a suspicious event, and the officers themselves had heard loud banging noises coming from the back of the private, closed business (R.R. IV-14-18, 55-57), they detained the

---

[1] *See also Hyett v. State,* 58 S.W.3d 826, 831 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *Victor v. State,* 995 S.W.2d 216, 220-21 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd); *Johnson v. State,* 843 S.W.2d 238, 240 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd).

4

appellant, who was on the private property after hours (R.R. IV-23, 59-60). A pat down search of the appellant's front pants pocket revealed that he was in possession of a knife and a "crack pipe" (R.R. IV-23, 50-51, 60-63; R.R. VII-State's Exhibit # 10B). Officer Mercer testified, "There was a substance inside the pipe . . ." (R.R. IV-51). A field test of the crack pipe revealed a "positive reaction" for the presence of "crack cocaine" (R.R. IV-23-24, 51, 63). After being arrested, the appellant gave the officers a false name and false date of birth (R.R. IV-30-31, 64-65).

In *Jarrett v. State,* the First Court of Appeals upheld a defendant's conviction for possession of a controlled substance that was contained in a crack pipe (as an item of drug paraphernalia) because the defendant had sought to hide the crack pipe from the police, revealing his guilty knowledge. *Jarrett v. State,* 818 S.W.2d 847, 848 (Tex. App.—Houston [1st Dist.] 1991, no pet.). *See also Garner v. State,* 848 S.W.2d 799, 801 (Tex. App.—Corpus Christi 1993, no pet.). In this case, the appellant possessed the controlled substance that was inside of a crack pipe, which both officers testified—based upon their training and experience—was a piece of drug paraphernalia used to smoke crack cocaine. The appellant also gave the officers a false name and date of birth, further revealing his guilty knowledge. He was also sweating profusely, even though he was not wearing a shirt on a cool night.

The court of appeals erred in holding that a defendant cannot be convicted of the offense of possession of a controlled substance if the substance cannot be seen, weighed, or measured, even though the substance was recovered from a crack pipe in

the defendant's possession, and other circumstances revealed the defendant's guilty knowledge.  The State's ground for review should be sustained.

————————◆————————

## PRAYER FOR RELIEF

WHEREFORE, the State prays that this Court will grant this petition for discretionary review, and that this Court will reverse the decision of the court of appeals and affirm the judgment of the trial court.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/s/ **Alan Curry**


**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

7

# CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 1,099 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

8

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to the following addresses:

Mr. Randall J. Ayers
Attorney at Law
P.O. Box 1569
Houston, Texas  77251-1569

Ms. Lisa McMinn
State's Prosecuting Attorney
P.O. Box 12405
Austin, Texas  78711

/s/  **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

Date:  December 30, 2015

9

**APPENDIX**

**Reversed and Rendered and Opinion filed October 29, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00700-CR

### GEORGE NEAL WILLIAMS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1425992**

## O P I N I O N

Appellant appeals his conviction for possession of less than one gram of cocaine. In a single issue appellant argues the evidence is insufficient to support his conviction for knowing possession of cocaine. Finding the evidence insufficient to show that appellant knew the substance was cocaine, we reverse and render judgment of acquittal.

BACKGROUND

At approximately 3:30 on the morning of the incident forming the basis of appellant's arrest, Houston Police Department Officer Zachary Mercer was dispatched to Midtown Spa to investigate a suspicious event. When Mercer exited his patrol vehicle he heard a loud banging noise from behind the business. Mercer jumped over a fence to investigate the noise. Mercer's partner, Officer Aaron King, saw appellant behind the business establishment. King called Mercer over, and they both observed appellant sitting on the ground next to an air conditioner unit. Mercer testified that appellant was not wearing a shirt and was "sweating profusely."

King conducted a pat-down search of appellant for officer safety. In appellant's front pants pocket King discovered a pocketknife and a crack pipe. Mercer conducted a field test on the pipe swabbing the inside of the pipe for any residue. The swab turned blue, which is a positive reaction for cocaine. As part of standard procedure, the field test was discarded after the pipe was seized. On cross-examination Mercer testified he did not know whether appellant knew there were any controlled substances in the pipe.

Officer King also testified to the events that surrounded appellant's arrest. King testified that when they saw appellant sitting by the air conditioner he "was sweating, and he was just kind of sitting there looking up at me." King described the weather as cool that morning. King asked appellant what he was doing in that location, and appellant replied that he was homeless and looking for a place to sleep. King detained appellant for possible trespassing, handcuffed him, and conducted a pat-down search for weapons. King discovered a pocketknife and the crack pipe in appellant's front pants pocket. King also testified that he did not know whether appellant knew anything was inside the pipe.

A chemist with the Houston Forensic Science Center testified that she

conducted two different tests on the crack pipe. Both tests revealed that the pipe contained less than one gram of cocaine. The chemist testified that the weight of the substance was a "trace amount." She defined trace amount as "a residue amount, something that's adhering to its container and you're unable to weigh it." When asked whether the cocaine was visible, the chemist testified that she scraped or swabbed the inside of the pipe and was able to conclude it was cocaine "without being able to physically see it." The pipe is not clear so the residue was not visible to the naked eye.

At the conclusion of the State's evidence appellant moved for an instructed verdict of not guilty on the grounds that the evidence was insufficient to show appellant knowingly possessed cocaine. The trial court denied appellant's motion.

## SUFFICIENCY OF THE EVIDENCE

In a single issue appellant argues the evidence is insufficient to show appellant knowingly possessed cocaine. Because the quantity of the substance was so small it could not be seen, weighed, or measured, there is no evidence that appellant knowingly possessed a controlled substance.

When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Although we consider all evidence presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

To support a conviction for possession of a controlled substance, the State must prove: (1) that appellant exercised actual care, control and management over the contraband; and (2) that appellant had knowledge that the substance in his possession was contraband. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995); Tex. Health & Safety Code Ann. § 481.115 (West 2010). The issue is whether the evidence will support a reasonable inference that the defendant knowingly possessed the contraband. *Jackson v. State*, 807 S.W.2d 387, 389 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd).

In this case, appellant challenges the sufficiency of the evidence to prove that he had knowledge that the substance in his possession was contraband. In *Shults v. State*, 575 S.W.2d 29, 30 (Tex. Crim. App. 1979), the Texas Court of Criminal Appeals held that "when the quantity of a substance possessed is so small that it cannot be measured, there must be evidence other than mere possession to prove that the defendant knew the substance in his possession was a controlled substance." *Id.* Therefore, the State must prove, through other evidence, that appellant had knowledge that the substance in his possession was cocaine. *King*, 895 S.W.2d at 703. In *King*, the residue containing the cocaine was visible on the crack pipe, but the amount of cocaine was unmeasurable and unweighable. *King*, 895 S.W.2d at 704. The evidence also showed the appellant in *King* appeared to be intoxicated and the stem of the pipe was still moist with what appeared to be saliva, which showed that the pipe-smoking was probably in the very recent past. *Id*. The Court of Criminal Appeals held the evidence legally sufficient to sustain the conviction. *Id*.

The State cites several cases in which the Court of Criminal Appeals and this court found sufficient evidence of knowing possession when the quantity of cocaine was unmeasurable. In each of those cases, however, there was other evidence to show that the defendant knew that he possessed a controlled substance. *See Joseph v. State*,

4

897 S.W.2d 374, 376 (Tex. Crim. App. 1995) (defendant found in house "commonly used as a haven for drug users" holding a syringe containing cocaine in a manner that indicated he was "about to insert, or had just removed, a hypodermic needle from his arm."); *King v. State*, 895 S.W.2d at 703–04 (cocaine was visible, pipe was damp with saliva, and defendant displayed evidence of intoxication); *Caballero v. State*, 881 S.W.2d 745, 748 (Tex. App.—Houston [14th Dist.] 1994, no pet.) (cocaine was visible and measurable); *Chavez v. State*, 768 S.W.2d 366, 367–68 (Tex. App.— Houston [14th Dist.] 1989, pet. ref'd) (baggie containing 1.7 milligrams of cocaine, which was visible and measurable, found in appellant's pants pocket).

In this case, it is undisputed that the cocaine could not be seen, weighed, or measured. The only evidence of appellant's potential "intoxication" was that he was sweating on a cool night. Both officers testified that they did not know whether appellant knew the substance he possessed was cocaine. There was no indication that appellant had recently used the pipe or knew of its purpose as a crack pipe. The State proved only that appellant possessed a crack pipe, but did not prove that appellant knowingly possessed cocaine. Because the State failed to prove an essential element of the offense, the evidence is insufficient to support appellant's conviction. *See Shults*, 575 S.W.2d at 30.

We reverse the trial court's judgment and render a judgment of acquittal.


/s/    Tracy Christopher
Justice


Panel consists of Chief Justice Frost and Justices Christopher and Donovan.
Publish — Tex. R. App. P. 47.2(b).

5